## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | |
|---|---|
| AMERICAN BUILDERS INSURANCE COMPANY, | CASE NO.: 9:23-cv-01277-DCN |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| SEA CASTLE CUSTOM HOMES, LLC, AND WILLIAM B. FUCCILLO, JR., AS PERSONAL REPRESENTATIVE OF THE ESTATE OF WILLIAM B. FUCCILLO, SR., | |
| Defendants. | |

Plaintiff, American Builders Insurance Company ("Builders"), by and through its undersigned counsel, hereby states the following as its Complaint for Declaratory Judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure, 28 U.S.C. §§ 2201–2202 and S.C. Code Ann. § 15-53-10 *et. seq.*:

### NATURE OF THE ACTION

1. This action seeks a declaratory judgment that Builders has no duty to defend or indemnify Sea Castle Custom Homes, LLC ("Sea Castle") for the alleged defective construction of a single-family residence located at 14 Ocean Point North, Ocean Point Subdivision, Port Royal Plantation, Hilton Head, South Carolina (the "Residence").

### PARTIES

2. Plaintiff Builders is a Georgia corporation with its principal place of business in Atlanta, Georgia. Builders is engaged in the business of insurance and is licensed to do business in South Carolina.

3. Defendant Sea Castle is a limited liability company organized and existing under the laws of the State of South Carolina with its principal place of business in Beaufort County, South Carolina.

4. Defendant William B. Fuccillo, Jr., as Personal Representative of the Estate of William B. Fuccillo, Sr., is a citizen and resident of Lee County, Florida for purposes of diversity jurisdiction. Defendant William B. Fuccillo, Jr., as Personal Representative of the Estate of William B. Fuccillo, Sr., is named as a defendant in this case only because it may be a necessary party to the insurance coverage dispute. Builders seeks no separate relief or judgment from this Defendant, but only seeks to bind it to the outcome of this coverage dispute.

## JURISDICTION AND VENUE

5. Venue for this action is proper in United States District Court for the District of South Carolina, Beaufort Division, pursuant to 28 U.S.C. § 1391(b)(1)–(2) in that it is the judicial district in which Defendants reside, and the claims at issue arose in this district.

6. This Court has subject matter jurisdiction over the parties to this action pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs.

7. This Court has personal jurisdiction over the Defendants. The facts and circumstances giving rise to the claim that is the subject of this action occurred in Horry County, South Carolina, and the policies in dispute were issued to a South Carolina limited liability company and are governed by South Carolina law.

## FACTUAL ALLEGATIONS
(Underlying Action)

8. On January 24, 2020, William B. Fuccillo, Sr. ("Fuccillo") filed the underlying lawsuit against Sea Castle in the Horry County Court of Common Pleas, in a case entitled *William*

*B. Fuccillo, Sr. vs. Sea Castle Custom Homes, LLC*, C/A No. 2020-CP-0700154 (the "Underlying Action"). A true and accurate copy of the Complaint is attached hereto as <u>Exhibit A</u>.

9. According to the Complaint, Sea Castle was the general contractor during construction of the Residence.

10. On September 3, 2020, Fuccillo filed an Amended Complaint alleging claims of Negligence/Gross Negligence and Breach of Warranties against Sea Castle and three of its subcontractors, Shaw Custom Metal Fabrication, Carmelo Flores, and Handy Manny's Landscapes. A true and accurate copy of the Amended Complaint is attached hereto as <u>Exhibit B</u>. The Amended Complaint is the current operative pleading in the Underlying Action.

11. According to the Amended Complaint, Sea Castle utilized subcontractors to perform various scopes of work at the Residence.

12. On October 8, 2021, Sea Castle filed an Answer to the Amended Complaint and asserted crossclaims for Negligence, Breach of Warranty, Breach of Contract, Equitable Indemnity, and Contribution against its subcontractors: Shaw Custom Metal Fabrication, Carmelo Flores, and Handy Manny's Landscapes. A true and accurate copy of the Answer and Crossclaims is attached hereto as <u>Exhibit C</u>.

13. On October 8, 2021, Sea Castle also filed a Third-Party Complaint asserting claims of Negligence, Breach of Warranty, Breach of Contract, Equitable Indemnity, and Contribution against its subcontractors: Roofing and Wood Repairs, Inc., Isaac Miguel Reyes, Hilton Head Painting, Hernandez Construction, LLC, L&G Construction Group, LLC a/k/a LG Solutions, Palmetto Pools & Spas MR LLC, and Torres Stucco, LLC. A true and accurate copy of the Third-Party Complaint is attached hereto as <u>Exhibit C</u>.

14. On February 22, 2022, the Court substituted William B. Fuccillo, Jr., as personal representative of the Estate of William B. Fuccillo, Sr., as the named Plaintiff in the Underlying Action. *See* Substitution Order, attached hereto as Exhibit D.

15. In the Underlying Action, Fuccillo alleges Sea Castle and/or its subcontractors were negligent in the following particulars: (a) in failing to construct the house so as to make the exterior building envelope water tight and thereby violating the residential building code in effect at the time the work was performed; (b) in failing to properly install metal railings; (c) in failing to install the pool, pool decking, related area, and associated waterproofing in a proper manner; (d) in Sea Castle failing to supervise the work of tis subcontractors and/or employees; (e) in Sea Castle failing to investigate its subcontractors to determine if they were competent and capable of performing their work in accordance with good construction practices and in accordance with the applicable specifications; (f) in Sea Castle failing to adequately supervise the work of its subcontractors and/or employees; (g) in failing to properly sequence the work; (h) in Sea Castle failing to discover defects in the work performed by its subcontractors and/or employees; (i) in failing to correct defective work; (j) in constructing the house in a defective manner; (k) in failing to construct the house in accordance with applicable building codes and industry standards; (l) in failing to act as a reasonable and prudent homebuilding would in the same or similar circumstances; (m) in failing to act as a reasonable and prudent subcontractor would in the same or similar circumstances; and (n) in such other failures that will be shown during discovery of this case and at trial.

16. According to the Amended Complaint, Fuccillo sustained damages as a result of the defective and deficient work performed by Sea Castle and its subcontractors in the construction of the Residence.

17.     This Court should take judicial notice of the pleadings referenced herein pursuant to Rule 201 of the Federal Rules of Evidence and Rule 10(c) of the Federal Rules of Civil Procedure, and Builders specifically incorporates the same herein by reference.

## POLICIES

18.     Builders issued the following policies of insurance to its named insured, Sea Castle Custom Homes, LLC: (1) PKG 0172523 02, with a policy period of January 12, 2016 to January 12, 2017; (2) PKG 0172523 03, with a policy period of January 12, 2017 to January 12, 2018; (3) PKG 0172523 04, with a policy period of January 12, 2018 to January 12, 2019; (4) PKG 0172523 05, with a policy period of January 12, 2019 to January 12, 2020; and PKG 0172523 06, with a policy period of January 12, 2020 to January 12, 2021. Collectively, these Policies are referred to as the "Policies." A true and accurate copy of the Policies are attached hereto as Exhibit E. Builders incorporates the Policies herein by reference.

19.     The Policies contain liability limits of $1,000,000 per occurrence, $2,000,000 in the aggregate, and $2,000,000 in products completed operations coverage.

20.     The Policies insured Sea Castle for certain liability risks under the Insuring Agreement and, in turn, excluded certain liability risk pursuant to various policy exclusions and endorsements.

21.     Builders is currently defending Sea Castle against the Underlying Action under a complete Reservation of Rights.

## FOR A FIRST CAUSE OF ACTION
(Declaratory Judgment – Duty of Indemnity as to Sea Castle)

22.     Builders incorporates by reference the allegations set forth in the preceding paragraphs as if fully restated herein.

5

23. Builders seeks a declaration in relation to whether or not the claims against Sea Castle in the Underlying Action trigger the duty of indemnity and to what extent, if any, the duty of indemnity is triggered.

24. Builders would show that Sea Castle carries the burden of proving, with specificity and particularity, all damages, if any, that fall within the Policies.

25. Builders would show that should a judgment be entered against Sea Castle in the Underlying Action, the judgment holder (i.e., the Fuccillo Estate) in the Underlying Action carries the burden of proving, with specificity and particularity, all damages that fall within the Policies.

26. Builders would show that damages must be analyzed to determine which damages result from an occurrence pursuant to the Policies.

27. Builders would show that damages must be analyzed to determine what portion of damages meet the definition of property damage in the Policies.

28. Builders would show that repair costs associated with a finding of defective work do not meet the definition of property damage pursuant to the Policies and South Carolina law, and are excluded pursuant to Exclusion (l), as amended by Form GL RFWE 10 13 in 2016–2019 Policies, and Exclusion (l), as amended by Form GL ESCW 01 07 in the 2020 Policy.

29. Builders would show that any damages found against Sea Castle must be allocated into categories of (i) repair and replacement of improper work, and (2) resulting damages. Only resulting damages can qualify as property damage under the Policies and South Carolina law.

30. Builders would show that any other damages and costs claimed in the Underlying Action including, but not limited to, punitive damages and attorneys' fees, that do not meet the definition of property damage and are not caused by an occurrence, are not covered under the Policies.

31. Builders would show that any damages qualifying as property damage must be applied to all policy exclusions to determine if excluded under the Policies.

32. Builders would show that any property damage found against Sea Castle that relates to any professional services by Sea Castle is excluded under the Policies' Exclusion – Designated Professional Services, Exclusion – Construction Management Errors and Omissions, Exclusion – Contractors – Professional Liability, and Exclusion – Engineers, Architects or Surveyors Professional Liability.

33. Builders would show that any property damage found against Sea Castle arising out of assumption of liability in a contract is excluded under Exclusion 2(b), as amended by Form CG 24 26, in the Policies.

34. Builders would show that any property damage found against Sea Castle that is expected or intended from the standpoint of the insured is excluded under Exclusion 2(a) in the Policies.

35. Builders would show that any property damage found against Sea Castle that relates to the recall of products, Sea Castle and/or its subcontractors' work and/or impaired property is excluded under Exclusions (k), (m) and (n) in the Policies.

36. Builders would show that any property damage found against Sea Castle that occurred during Sea Castle's work on the Residence, which work was not completed by the end of the policy period applicable to each policy issued by Builders to Sea Castle, is excluded under Exclusions j(5) and j(6) in the Policies.

37. Builders would show that the Policies exclude payment of attorneys' fees and expenses taxed against Sea Castle under the Supplementary Payments section of the Policies.

38. Builders would show that any property damage found against Sea Castle that is found to fall under any applicable policy exclusion(s) or limiting endorsement(s) in the Policies is excluded and/or limited. Builders reserves its right to identify additional exclusion(s) and endorsement(s) not explicitly mentioned herein that may exclude or limit coverage.

39. Builders, therefore, seeks a declaration from the Court that the Policies do not require Builders to indemnify Sea Castle with respect to the claims against Sea Castle in the Underlying Action.

40. Should any damages found against Sea Castle be adjudicated as meeting the definition of property damage, as caused by an occurrence, and as not otherwise excluded or limited by an exclusion or endorsement under the Policies, Builders seeks a declaration of the dollar amount of such damages.

41. Builders would show that any damages meeting the definition of property damage and not otherwise excluded and/or limited by any applicable policy exclusion(s) or limited endorsement(s) under the Policies must be applied to a time-on-risk analysis to determine which of those damages fall within the policy periods.

42. Builders would show that any damages occurring outside of the policy period do not trigger the duty of indemnity.

WHEREFORE, having fully set forth its claims, Builders prays unto this Court as follows:

a. For a declaration of the rights and obligations of the parties herein;

b. For a declaration that Builders owes no duty of indemnity;

c. For a declaration that determines which damages, if any, trigger the duty of indemnity under the Builders' policies;

    d. For the Court to determine the dollar amount of damages, if any, due under the relevant Builders' policies after conducting an analysis of the damages that determines which damages, if any, from the Underlying Action meet the requirements of the insuring agreement, are not excluded or limited by exclusion(s) or endorsement(s), are not the work of the insured, and that are property damage from an occurrence during the policy subject to a time-on-risk analysis; and

    e. For any and all other relief this Court deems just and proper.

Respectfully submitted,

ETHRIDGE LAW GROUP, LLC

By: *s/ Mary Willis*
    MARY S. WILLIS
    Federal Bar No.: 12388
    R. MICHAEL ETHRIDGE
    Federal Bar No.: 7497
    1100 Queensborough Blvd., Suite 200
    Mount Pleasant, SC 29464
    843-614-0007
    mwillis@ethridgelawgroup.com
    methridge@ethridgelawgroup.com

*Attorneys for Plaintiff American Builders Insurance Company*